IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANCE L. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-1142-SLR |
| | ) |
| SGT. ROY HALL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of April, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's request for counsel (D.I. 4) is denied without prejudice to renew; the claims against Delaware Department of Correction, Perry Phelps, State of Delaware, Correctional Medical Services, Inc., and Nurse Jane Doe are dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A; and plaintiff may proceed against defendant Roy Hall, for the reasons that follow:

1. **Background.** Plaintiff Lance L. Parker ("plaintiff"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, proceeds pro se and has been granted in forma pauperis status. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 alleging excessive force and indifference to medical needs in violation of his constitutional rights.[1] He names defendants in their official and individual capacities and seeks compensatory and punitive damages as well as apologies from all parties.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used

2

when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. According to the complaint, on December 1, 2009, plaintiff reported to the office of defendant Sgt. Roy Hall ("Hall") to speak to him about telephone procedures for the housing unit where plaintiff had recently transferred. Hall began to verbally abuse plaintiff and the two engaged in a verbal confrontation. As plaintiff left the area, Hall gave plaintiff an order to turn around so he could be handcuffed. Plaintiff complied with the order, but Hall elbowed plaintiff and caused plaintiff's face to hit the metal gate on the window. Next, Hall pushed plaintiff. Plaintiff laughed at Hall, employing an "anger management technique . . . to stay calm." Hall then maced plaintiff. Ninety minutes later, plaintiff was returned to his housing tier.

7. Plaintiff requested medical attention, but more than two days passed before he received it. In addition, plaintiff was written up by Hall, but "won" and was told that Hall had been fired. The night prior to the hearing, a nurse gave plaintiff a higher than normal dose of medication, referred to by plaintiff as an overdose.

8. **Eleventh Amendment**. Plaintiff names as defendants the Delaware Department of Correction ("DOC") and the State of Delaware ("State"). He also names defendants in their official capacities. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole*

*Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the Department of Correction is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

9. The State of Delaware has neither consented to plaintiff's suit nor waived its immunity. Therefore, the claims against the State of Delaware and the DOC are dismissed. The official capacity claims are dismissed to the extent that plaintiff seeks monetary damages from all State defendants in their official capacities.

10. **Personal involvement/respondeat superior.** Plaintiff has named Warden Perry Phelps ("Phelps") as a defendant, but the complaint fails to allege that he had any personal involvement in the alleged constitutional violations. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

5

"Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 129 S.Ct. at 1948-49; *Rode v. Dellarciprete*, 845 F.2d at 1207).

11. "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[3] *Iqbal*, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under

---

[3]The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.8 (3d Cir. 2010); *see, e.g., Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether *Iqbal* eliminated – or at least narrowed the scope of – supervisory liability because it was ultimately unnecessary to do so in order to dispose of the appeal then before us."); *Bayer v. Monroe Cnty. Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official.)

§ 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010), *cert. denied*, __U.S.__, 131 S.Ct. 2150 (2011) (quoting *Iqbal* 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *Id.* Under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[4] *Williams v. Lackawanna Cnty. Prison*, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

12. Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also Iqbal*, 129 S.Ct. at 1949-

---

[4] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d at 1116. "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

54; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. 2005) (not published).

13. Plaintiff provides no specific facts how Phelps violated his constitutional rights, that he expressly directed the deprivation of his constitutional rights, or that he created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Accordingly, the claims against Phelps are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

14. **Medical needs**. Plaintiff alleges that he did not receive medical treatment until two days after his altercation with Hall. He further alleges that Nurse Doe gave him an incorrect dose of medication.

15. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

16. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not published) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). In addition, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

17. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim against Nurse Doe for deliberate indifference to a serious medical need. Rather, the complaint alleges that he was given an incorrect dose of medication. At most, plaintiff alleges negligence and this does not rise to the level of a constitutional violation.

18. **Medical service provider.** Also named as a medical defendant is Correctional Medical Services, Inc. ("CMS"), the medical services contract provider for the DOC. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D. Del. 1992).

19. In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]."

9

*Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

20. There is no mention of CMS in the complaint. The complaint fails to set forth any alleged constitutional violations by CMS or deliberate indifference by CMS. In addition, the complaint indicates that plaintiff ultimately received medical care. Finally, plaintiff does not allege any harm resulted from the delay in receiving the care. For the above reasons, the court will dismiss the medical needs claims against Nurse Doe and CMS as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

21. **Request for counsel**. Plaintiff requests counsel on the grounds that he is indigent, twenty, incarcerated, proceeds pro se, and counsel will assist in litigating the case. (D.I. 4) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

22. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

23. This case is in its early stages, and the remaining defendant has not been served. In addition, to date, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Therefore, the court will deny the request for counsel without prejudice to renew.

24. **Conclusion**. For the above reasons, the claims against the Department of Correction, Perry Phelps, State of Delaware, and Nurse Jane Doe are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff has alleged what appears to be a cognizable and non-frivolous claim alleging excessive force against Roy Hall. Plaintiff's request for counsel is denied (D.I. 4) without prejudice to renew.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **remaining defendant Sgt. Roy Hall, as well as for the Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon remaining defendant and the attorney general. Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide complete "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Fed. R. Civ. P. 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

5. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                                                                                  _/s/_____
                                                                   UNITED STATES DISTRICT JUDGE